TIFFANY W. TAI, State Bar No. 193271
BRAUNSON C. VIRJEE, State Bar No. 290376
**RITT, TAI, THVEDT & HODGES**
A Limited Liability Partnership
65 North Raymond Avenue, Suite 320
Pasadena, California  91103
(626) 685-2550 telephone
(626) 685-2562 facsimile

Attorneys for Plaintiffs GRYPHON MOBILE
  ELECTRONICS, LLC and SPACEKEY
  (USA), INC.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| GRYPHON MOBILE ELECTRONICS, LLC, a California limited liability company; and SPACEKEY (USA), INC., a California corporation,<br><br>  Plaintiffs,<br><br>  v.<br><br>C&A MARKETING, INC., a business entity of unknown form; C&A IP HOLDINGS, LLC, a business entity of unknown form; SKYMALL HOLDINGS, LLC, a business entity of unknown form; and DOES 1 THROUGH 10, inclusive,<br><br>  Defendants. | Case No. 8:15-CV-2055<br><br>**COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF FOR:**<br><br>1.  Patent Infringement;<br>2.  Unfair Competition; and<br>3.  Accounting<br><br>**AND DEMAND FOR JURY TRIAL** |

Plaintiffs, GRYPHON MOBILE ELECTRONICS, LLC ("Gryphon") and SPACEKEY (USA), INC. ("Spacekey"), by and through the undersigned counsel of record, alleges as follows:

1

COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

## JURISDICTION AND VENUE

1.     This is an action for, among other things, infringement of a design patent owned by Spacekey and assigned to Gryphon.

2.     Jurisdiction is conferred upon this Court by 28 U.S.C. § 1331, 28 U.S.C. §§ 1338 (a) and (b), and 28 U.S.C. § 1367(a); and arises under the patent laws of the United States of America, Title 35 of the United States Code.

3.     Venue lies in the Central District of California pursuant to 28 U.S.C. §1400(a), as defendants and their agents: (a) have voluntarily availed themselves of the laws and regulations of the State of California and of this District; (b) have had and continue to have continuous and systematic contacts with the residents of California and this District; and (c) have transacted, and are continuing to transact, business with residents of California and this District, such business having an effect in this District. Plaintiffs allege on information and belief that, among other things, defendants have purposefully, continuously, and systematically directed their offers to sell, sales and distribution of products to residents of California and this District by offering to sell, selling and distributing products through their publicly accessible, interactive web sites, including without limitation www.camarketing.com and www.skymall.com, as well as through other web-based marketplaces such as www.amazon.com and www.ebay.com.

## PARTIES

4.     Plaintiff Gryphon Mobile Electronics, LLC is, and at all times relevant was, a California limited liability company, duly authorized to do, and doing, business in the County of Orange, State of California.

COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

5. Plaintiff Spacekey (USA), Inc. is, and at all times relevant was, a California corporation, duly authorized to do, and doing, business in the County of Orange, State of California. Gryphon and Spacekey are sometimes referred to collectively as "Plaintiffs" herein.

6. Plaintiffs are informed and believe, and upon such information and belief allege, that defendant C&A MARKETING, INC. is a business entity of unknown form with its principal place of business in Ridgefield Park, New Jersey.

7. Plaintiffs are informed and believe, and upon such information and belief allege, that defendant C&A IP HOLDINGS, LLC is a business entity of unknown form with its principal place of business in Ridgefield Park, New Jersey.

8. Plaintiffs are informed and believe, and upon such information and belief allege, that defendant SKYMALL HOLDINGS, LLC is a business entity of unknown form with its principal place of business in Ridgefield Park, New Jersey. C&A Marketing, Inc., C&A IP Holdings, LLC and Skymall Holdings, LLC are sometimes referred to collectively as "C&A" herein.

9. The true names and capacities, whether individual, corporate, associate or otherwise, of defendants sued herein as Does 1 through 10, inclusive, are unknown to Plaintiffs who therefore sue those defendants by such fictitious names. Plaintiffs will amend this Complaint to insert the true names and capacities of such DOE defendants when the same have been ascertained.

10. Plaintiffs are informed, believe and thereon allege that each defendant designated herein as a DOE is responsible in some manner for the occurrences and

COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

events herein alleged and that Plaintiffs' damages were proximately caused by their conduct.

11. Plaintiffs are informed and believe and thereon allege that unless otherwise specifically mentioned, each defendant was an agent and/or employee of each of the remaining defendants, and that in doing the things complained of herein was acting within the course and scope of such agency and/or employment.

## FIRST CAUSE OF ACTION
## Patent Infringement

12. On August 19, 2014, U.S. Patent No. D711,318 S (hereinafter "the '318 Patent" or "Patent-In-Suit") was duly and legally issued to Spacekey (USA), Inc. The '318 Patent is a design patent that pertains to a mobile charging device that is imported and distributed by Gryphon under its "PowerAll" trademark. True and correct copies of the '318 Patent and the certificate of registration of the "PowerAll" mark are attached hereto as Exhibits A and B, respectively.

13. C&A markets itself as, among other things, a "mini-online department store," manufacturing and distributing a variety of privately-branded consumer products under the name "DB ROTH."

14. In or around the fall of 2014, Plaintiffs learned that C&A was manufacturing, importing, offering for sale, selling, marketing, advertising, and/or distributing a mobile charging device under the "JUMBL" brand, which appeared to embody the design claimed in the '318 Patent and was a knock-off of Gryphon's PowerAll charger.

15. On at least two separate occasions in September and October 2014, Plaintiffs notified C&A that its "JUMBL" mobile charging device infringed upon the '318 Patent and demanded that C&A cease its infringing conduct.

16. Plaintiffs received no response from C&A to their cease-and-desist warnings; and in October 2014, Plaintiffs discovered that C&A had continued to market infringing products under its private brands, including "JUMBL" and "IVATION." In addition, Plaintiffs discovered the presence of infringing products under the "JUMBL" brand on third-party marketplace websites such as www.amazon.com and www.ebay.com.

17. In or around October 2015, Plaintiffs again sent cease-and-desist letters to C&A, requesting that they cease their unlawful and infringing conduct.

18. C&A's general counsel responded to the October 2015 cease-and-desist letters by agreeing to refrain from selling the infringing products. However, when asked to produce information concerning past sales, C&A's counsel indicated that he would "look into it," but did not respond.

19. Later, Plaintiffs discovered that C&A continued to market and sell the infringing product through its website www.skymall.com, a business which it purchased from bankruptcy in or around April 2015.

20. Defendants have not been licensed under the Patent-in-Suit, nor do they have the right to manufacture, import, market, advertise or distribute products embodying the claims of the '318 Patent.

21. Defendants have directly infringed or indirectly infringed by inducing the infringement, and are continuing to directly infringe or indirectly infringe by inducing the infringement of the ornamental design claimed in the '318 Patent by manufacturing, importing, marketing, advertising and distributing, or by knowing aiding and abetting the manufacture, import, marketing, advertisement and distribution of products that embody the patented design described and claimed in the '318 Patent.

22. Defendants' activities have been without express or implied license from Plaintiffs.

23. Defendants will continue to infringe the '318 Patent unless enjoined by the Court. As a result of Defendants' infringing activities Plaintiffs have suffered, and will continue to suffer, irreparable harm for which there is no adequate remedy at law. Plaintiffs are entitled to preliminary and permanent injunctive relief against such infringement under 35 U.S.C. § 283.

24. As a result of the infringement of the '318 Patent, Plaintiffs are damaged, have been damaged, will be further damaged, and are entitled to be compensated for such damages, pursuant to 35 U.S.C. § 284, in an amount to be determined at trial.

25. Defendants' past and continuing infringement of the '318 Patent has been deliberate and willful. Their conduct warrants an award of treble damages pursuant to 35 U.S.C. § 284, and this is an exceptional case justifying an award of attorneys' fees to Plaintiffs pursuant to 35 U.S.C. § 285.

COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

## SECOND CAUSE OF ACTION
### Unfair Business Practices

26. Defendants' conduct, as set forth more fully above, was unlawful, unfair and/or fraudulent and has the potential to cause confusion in the marketplace.

27. As a direct and proximate result of Defendants' conduct, Plaintiffs have suffered, and will continue to suffer damages to their business, reputation and goodwill, in an amount to be established at trial.

28. Defendants' conduct constitutes unfair competition and deceptive practices under California's *Business & Professions Code* sections 17200 et seq. and 17500 et seq.

## THIRD CAUSE OF ACTION
### Accounting

29. The exact amount of monies received by Defendants and each of them as a result of their unlawful conduct and unauthorized exploitation of Plaintiffs' patent is unknown to Plaintiffs and can only be determined by an accounting.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiffs prays for judgment against Defendants and each of them as follows:

/ / /

/ / /

7

COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

**ON THE FIRST CAUSE OF ACTION** (For Patent Infringement):

1. Declaration that the '318 Patent is valid and enforceable;

2. Declaration that each of the Defendants have infringed the '318 Patent;

3. A preliminary and permanent injunction against each of the Defendants and their officers, agents, servants, employees and attorneys, all parent and subsidiary corporations, their assigns and successors in interest, and those persons acting in active concert or participation with them, including distributors and customers, enjoining them from continuing acts of infringement of the '318 Patent;

4. An accounting for damages under 35 U.S.C. § 284 from each of the Defendants for their respective infringement of the '318 Patent, and the award of damages ascertained against each of the Defendants in favor of Plaintiffs, together with interest as provided by law;

5. An award of treble damages against each of the Defendants in view of their willful and deliberate infringement of the Patent-in-Suit; and

6. A finding in favor of Plaintiffs that this is an exceptional case under 35 U.S.C. § 285.

**ON THE SECOND CAUSE OF ACTION** (for Unfair Business Practices):

1. For restitution of all monies otherwise acquired by Defendants by means of their unlawful and unfair business practices; and

2. For an injunction prohibiting Defendants from engaging in further unlawful or unfair business practices.

/ / /

/ / /

/ / /

COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

**ON THE THIRD CAUSE OF ACTION** (for Accounting):

1. That Defendants and each of them be required to account for all gains, profits and advantages derived from their violations of law; and

2. That all gains, profits and advantages derived by Defendants and each of them for their violations of law be deemed to be held in constructive trust for the benefit of Plaintiffs.

**ON ALL CAUSES OF ACTION:**

1. For all reasonable attorneys' fees;
2. For costs of suit incurred by Plaintiffs; and
3. For such other relief as the Court deems just and proper.

DATED:  December 8, 2015         Respectfully submitted,

RITT, TAI, THVEDT & HODGES, LLP


    /S/ TIFFANY W. TAI
_____
TIFFANY W. TAI
Attorney for Plaintiffs GRYPHON MOBILE ELECTRONICS, LLC and SPACEKEY (USA), INC.

9

COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

# **DEMAND FOR JURY TRIAL**

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiffs hereby demand a jury trial of all issues raised in this Complaint.

DATED: December 8, 2015

Respectfully submitted,

RITT, TAI, THVEDT & HODGES, LLP

/S/ TIFFANY W. TAI
_____
TIFFANY W. TAI
Attorney for Plaintiffs GRYPHON MOBILE ELECTRONICS, LLC and SPACEKEY (USA), INC.

COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF